[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11461
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-01236-CV-ORL-19-DAB

CHARLES W. STRUBE, individually, and as Trustee
of the Charles W. Strube Revocable Trust, on
behalf of himself and all others similarly situated,
WILBERT NORRIS, individually and on behalf of
himself and all others similarly situated, et al.,

Plaintiffs-Appellees,

BEVERLY MALONE,

Plaintiff-Appellant,

versus

AMERICAN EQUITY INVESTMENT LIFE
INSURANCE COMPANY, an Iowa corporation,

Defendant-Appellee.

_____

No. 05-13014
Non-Argument Calendar

_____

D. C. Docket No. 01-01236-CV-ORL-19-DAB

CHARLES W. STRUBE, individually, and as Trustee
of the Charles W. Strube Revocable Trust, on
behalf of himself and all others similarly situated,
BEVERLY MALONE,
WILBERT NORRIS, individually, and on behalf of
himself and all others similarly situated,

                                    Plaintiffs-Appellees,

        versus

AMERICAN EQUITY INVESTMENT LIFE INSURANCE
 COMPANY, an Iowa corporation,

                                    Defendant-Appellant.

                    _____

            Appeals from the United States District Court for the
                        Middle District of Florida
                    _____
                          (November 29, 2005)


Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

        This consolidated case concerns two appeals pertaining to the settlement of

a class action.  Charles Strube, on his own behalf and on behalf of a nationwide

class of 23,000 individuals, sued American Equity Investment Life Insurance

Company ("American Equity"), alleging that American Equity committed a variety

of misrepresentations and omissions in connection with its sale to class members

2

of equity-indexed annuities for estate planning purposes. Beverly S. Malone, a member of the class, challenges the settlement to the extent that it would force her to abandon her personal claims against American Equity in a Kentucky state court alleging that American Equity committed various misrepresentations and omissions in connection with their establishment of Malone's living trust. American Equity appeals the denial of an injunction it sought preventing Malone from continuing with her personal action. Strube reminds this Court that the ages of the class members make time of the essence in the disposition of this case.

On September 28, 2001, Charles Strube filed a class action in Florida state court which was later removed to the United States District Court for the Middle District of Florida on October 22, 2001. On February 8, 2005, the district court entered an order granting final approval of the class settlement agreement. The settlement provided for various forms of non-economic and economic relief and required class members to waive their rights to maintain claims against American Equity "on the basis of, connected with, arising out of , or related to, in whole or in part" "the marketing, solicitation, application, underwriting, acceptance, sale, purchase, operation , performance, retention, administration and/or replacement" of covered equity indexed annuities. The district court interpreted the release not to apply claims similarly situated to the marketing, preparation, or sale of living

3

trusts. On May 19, 2005, American Equity sought an order from the district court enjoining Malone from continuing with her action against American Equity in Kentucky. The district court declined to do so because it believed an evidentiary hearing would be needed to determine whether Malone's living trust claims were in fact claims about equity indexed annuities. On May 25, 2005, American Equity appealed the denial.

I.     Jurisdiction of American Equity's Appeal.

On June 9, 2005, this Court certified the following jurisdictional question for the litigants: "Whether the district court's May 19, 2005 order denying [defendant's] motion for . . . an injunction is immediately appealable?" We conclude that this Court has jurisdiction.

II.     Does the Settlement Agreement Quash Malone's Kentucky Suit?

This Court reviews the interpretation of a class action settlement agreement *de novo*. *See, e.g.*, *Waters v. Int'l Precious Metals Corp.*, 237 F.3d 1273, 1277 (11th Cir. 2001) ("We review the district court's construction of the [settlement] [a]greement de novo."). Under Rule 23(e) of the Federal Rules of Civil Procedure, court approval is required for the settlement of the claims of a certified class. Courts do not have the power to modify the terms of the settlement that has already received the agreement of the parties. *Evans v. Jeff D.*, 475 U.S. 717, 726,

4

106 S.Ct. 1531, 1537 (1986) ("the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed.")

Both Malone and American Equity recognize that the plain language of the settlement forbids Malone from maintaining her action against American Equity in Kentucky for claims arising out of their creation of a living trust for her. Malone's trust was funded by her purchase of an equity-indexed annuity from American Equity. In her pleadings and statements before the district court, Malone described the living trust as a "Trojan horse" for the sale of equity-indexed annuities. Because the living trust is, "in whole or in part," "connected with" and "related to" the sale of equity-indexed annuities, the terms of the settlement agreement release American Equity from any potential liability concerning Malone's living trust.

Nonetheless, Malone contends that the Kentucky suit remains viable. She claims that the plain language reading of the settlement is trumped by the district court's interpretation of the settlement as not releasing claims connected to living trusts. However, our interpretation of the settlement is determined by its plain language, and not by any interpretive glosses provided by the district court. *See Waters v. Int'l Precious Metals Corp.,* 237 F.2d 1273, 1276-77 (11th Cir. 2001).

Alternatively, she then asks this Court to find that the district court wrongly

approved the settlement agreement. In deciding whether to approve a settlement agreement, a district court must determine whether the agreement is "fair, reasonable, and adequate." *Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985) (". . . the district court has a heavy duty to ensure that any settlement is 'fair, reasonable, and adequate.'") (internal citations omitted). This Court examines a district court's approval of a class action settlement agreement under the "abuse of discretion" standard. *Bennett v. Behring*, 737 F.2d 982, 986 (11th Cir. 1984). This inquiry evaluates the fitness of the settlement in its entirety. *Cotton v. Hinton*, 559 F.2d 1326, 1332 (5th Cir. 1977) ("The settlement must stand or fall as a whole.")

We leave untouched the district court's approval of the settlement agreement. As Malone concedes, her objections to the settlement are not shared by any other of her fellow class members. Her criticisms of the agreement are peripheral to the chief bargains struck between the plaintiff class and American Equity. She asserts that the settlement is impermissibly broad because it would quash her Kentucky litigation which, she argues, involve claims that are based on an entirely different factual predicate. We do not find that to be the case. Both the Kentucky litigation and the *Strube* action concern American Equity's marketing and sale of equity-indexed annuities. In addition, Malone's arguments challenging

6

the adequacy of Strube to serve as lead representative and the typicality of his claims are waived because they were not raised before the district court. *See, e.g.*, *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that 'an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'") (citations omitted).

Thus, we hold that the terms of the settlement agreement prevent Malone from continuing with her living trust suit against American Equity in Kentucky. Consequently, we grant American Equity a permanent injunction against Malone preventing her from maintaining her suit against American Equity in Kentucky. [1]

**REVERSED.**

---

[1] Parties' requests for oral argument are denied.